**ALLIED PILOTS ASSOCIATION,**
Plaintiff–Appellee,

v.

**AMERICAN AIRLINES, INC.,**
Defendant–Appellant.

No. 89–1487.

United States Court of Appeals,
Fifth Circuit.

April 16, 1990.

---

Richard A. Malahowski, Maureen F. Moore, American Airlines, Inc., Fort Worth, Tex., Donald L. Haverman, Harry A. Rissetto, Roy A. Sheetz, Washington, D.C., for defendant-appellant.

Martin Seham, Lee Seham, Seham, Klein & Zelman, New York City, Sanford R. Denison, Mullinax, Wells, Baab, & Cloutman, Dallas, Tex., for plaintiff-appellee.

Before WISDOM, JOHNSON, and DUHE, Circuit Judges.

WISDOM, Circuit Judge:

Defendant/appellant American Airlines (American) is a carrier subject to the Railway Labor Act (RLA).[1] The plaintiff/appellee Allied Pilots Association (APA) is the bargaining representative of American's pilot employees. On May 15, 1989, the district court issued a preliminary injunction enjoining enforcement of American's newly published drug and alcohol testing procedures. We VACATE that injunction.

I

In early 1988, American published "Appendix A" to its Regulation 135–1. Appendix A includes a provision requiring any employee to provide a urine specimen for testing whenever American has reason to suspect that an employee may be in violation of American's rules restricting drug and alcohol use. Appendix A also provides that American will offer an employee suspected of alcohol consumption the opportunity voluntarily to submit to a blood test and that an adverse inference may be drawn if that employee declines to be tested.

On August 16, 1988, the APA filed an action seeking to enjoin enforcement of Appendix A, alleging that American had violated Sec. 2, Seventh of the RLA by unilaterally imposing the drug and alcohol testing procedures of Appendix A.[2] American argues that the provisions of Appendix A are permitted under the terms of its collective agreement with the APA including both express terms (specifically, Section 26 of the agreement of March 1, 1987 regarding compulsory medical examinations) and implied terms (including past practice such as American's past methods of promulgating and enforcing its restrictions on alcohol and drug use by employees).

On April 27, 1989, the district court entered a Memorandum Order granting the APA's Motion for Preliminary Injunction in *Allied Pilots Ass'n v. American Airlines, Inc.*, 713 F.Supp. 212. The district court found that there is no provision in the collective agreement that arguably justifies the application of Appendix A to pilots and, accordingly, found that the dispute is a major dispute under the RLA. On May 15, 1989, the district court entered a formal Order of Preliminary Injunction requiring American to bargain with the APA over Appendix A and preliminarily enjoining American from enforcing against pilots the Appendix A drug and alcohol testing procedures.

---

1. 45 U.S.C. 151 et seq.

2. Sec. 2, Seventh of the RLA (45 U.S.C. 152 Seventh) states that no carrier "shall change the rates of pay, rules, or working conditions of its employees, as a class as embodied in agreements, except in the manner prescribed in such agreements or in Section 156 of this title."

On May 26, 1989, American filed a Notice of Appeal. American subsequently filed a motion for a stay of the Preliminary Injunction pending appeal. That motion was denied by the district court. A similar motion was denied by this Court on August 11, 1989.

Because a drug testing plan was agreed to by the parties during the course of this litigation, this case is moot to the extent that it relates to drug testing procedures. We therefore VACATE the preliminary injunction insofar as it relates to drug testing. The live issues remaining in this case involve American's alcohol testing procedures. Because we find that this case involves a minor dispute and does not involve any of the special circumstances that would warrant issuance of a preliminary injunction in a minor dispute, we VACATE, as well, the remainder of the preliminary injunction that relates to alcohol testing.

## II

■ The instant case presents a minor dispute subject to compulsory arbitration under the RLA. The RLA provides two distinct procedures for resolution of labor disputes. If there is a "major dispute", then the parties are required to submit to conference and, if necessary, mediation before resorting to self-help. 45 U.S.C. §§ 152, 154–56. Where the dispute is "minor", it is subject exclusively to resolution through arbitration. 45 U.S.C. § 153. *See, Morales v. Southern Pacific Transp. Co.,* 894 F.2d 743, 745 (5th Cir.1990); *Andrews v. Louisville & N.R.R.,* 406 U.S. 320, 321–26, 92 S.Ct. 1562, 1563–66, 32 L.Ed.2d 95 (1972).

The Supreme Court first articulated the distinction between minor and major disputes in *Elgin, Joliet & Eastern R. Co. v. Burley,* 325 U.S. 711, 65 S.Ct. 1282, 89 L.Ed. 1886 (1945). That distinction recently was developed by the Court in *Consolidated Rail v. Labor Executives,* 491 U.S. ——, 109 S.Ct. 2477, 105 L.Ed.2d 250 (1989). Drawing on *Burley,* the Court in *Consolidated* explained that,

the major dispute category ... "relates to disputes over the formation of collective agreements or efforts to secure them. They arise where there is no such agreement or where it is sought to change the terms of one, and therefore the issue is not whether an existing agreement controls the controversy...." *Burley,* 325 U.S. at 723 [65 S.Ct. at 1290].

In contrast, the minor dispute category [relates to] dispute[s] arising or growing "out of grievances or out of the interpretation or application of agreements concerning rates of pay, rules or working conditions." This second category of disputes "contemplates the existence of a collective agreement already concluded or, at any rate, a situation in which no effort is made to bring about a formal change in terms or to create a new one...." *Burley,* 325 U.S. at 723 [65 S.Ct. at 1290].

A minor dispute in the railroad industry is subject to compulsory and binding arbitration.... The [arbitration b]oard ... has exclusive jurisdiction over minor disputes....

*Consolidated,* 491 U.S. at —— – ——, 109 S.Ct. at 2480–82, 105 L.Ed.2d at 261–63 (some citations omitted).

In the instant case, whether the dispute may be resolved by interpretation of the parties' existing agreement is itself a disputed matter. American argues that the dispute is covered by the collective agreement, and the APA contends that it is not. The Supreme Court has prescribed an "arguable basis" test by which to measure allegations that a given dispute may be resolved by interpretation of existing agreements. As the Court in *Consolidated* explained,

Where an employer asserts a contractual right to take the contested action, the ensuing dispute is minor if the action is arguably justified by the terms of the parties' collective-bargaining agreement. Where, in contrast, the employer's claims are frivolous or obviously insubstantial, the dispute is major.

*Consolidated,* 491 U.S. at ——, 109 S.Ct. at 2482, 105 L.Ed.2d at 264 (citations and footnotes omitted). *See also, Brotherhood of*

*Ry. Carmen v. Atchison, Topeka & Santa Fe,* 894 F.2d 1463, 1467 (5th Cir.1990). Thus, if American's contention that the Appendix A programs are permitted by the terms of the existing agreement is "arguably justified", then this case presents a minor dispute.

American argues that the Appendix A programs are permitted by both express and implied terms of its collective agreement with the APA. As the Court stated in *Consolidated,* "collectively-bargained agreements may include implied as well as express terms. Furthermore, it is well established that the parties' 'practice, usage and custom' is of significance in interpreting their agreement." *Consolidated,* 491 U.S. at ——, 109 S.Ct. at 2485, 105 L.Ed.2d at 267. American's evidence regarding the express terms of its agreement with the APA (specifically, Section 26 of their March 1, 1987 agreement, dealing with medical examinations)[3] and its evidence regarding implied terms (specifically, past practice regarding control and discipline of substance abuse)[4] provides an arguable basis for American's contention that this dispute can be resolved by interpretation of existing agreements. This court therefore finds that this case involves a minor dispute subject exclusively to resolution by arbitration under the RLA.[5]

Our holding, that the federal courts are without jurisdiction over the present dispute, is consistent with the previous holdings of this circuit including *International B'hd. of Teamsters v. Southwest Airlines,* 875 F.2d 1129 (1989) (en banc). In *Southwest Airlines,* this court found that a union's objection to the unilateral imposition of a drug testing program constituted a minor dispute subject to compulsory arbitration. Although Southwest's collective agreement contained a management rights clause which American's agreement with the APA does not, *Southwest Airlines* is nonetheless analogous to the present case. The significance of the management rights clause in *Southwest Airlines* was that that contractual clause arguably justified Southwest's implementation of its new drug testing procedures. In the instant case, American's medical examinations clause (Section 26 of the collective agreement) and its past practices arguably justify American's implementation of its new alcohol testing procedures.

### III

Even under the rigorous "abuse of discretion" standard applicable in reviewing issuance of a preliminary injunction,[6] this court finds that the preliminary injunction in this case was issued in error. A preliminary injunction may be issued in a case involving a minor dispute only in exceptional circumstances. As recently stated in *Southwest Airlines* in which this court vacated a preliminary injunction enjoining enforcement of a drug testing program,

> the proper grounds for granting an injunction against action that is the subject matter of a minor dispute under the RLA are extremely narrow. Such injunctions may issue only where necessary to preserve the jurisdiction of the grievance procedure, or where a disruption of the status quo would result in irreparable injury of such magnitude that it would render any subsequent decision meaningless. The district court found that irreparable harm to an employee's reputation could result, for example, from disciplinary action taken against that employee or from an employee's refusing to be

---

**3.** Section 26 states, in relevant part, "[a] pilot shall not be required to submit to any Company physical examination in excess of two (2) in any twelve (12) month period without the pilot's consent, unless it is the Company's opinion that his health or physical condition is appreciably impaired...."

**4.** American maintains that, since 1947, it has unilaterally published general work rules, including rules regulating use of drugs and alcohol. That past practice, American argues, constitutes an implied contractual term permitting American's unilateral publication of the Appendix A rules at issue in this case.

**5.** Of course, we express no opinion as to which party will prevail when their arguments are reviewed on the merits by an arbitration board.

**6.** *See Southwest Airlines,* 875 F.2d at 1136 (citations omitted); *Mississippi Power & Light Co. v. Gas Pipe Line Co.,* 760 F.2d 618 (5th Cir.1985).

tested under the program. Since many employment disputes involving discharge implicate the reputation of an employee, we do not believe that this speculative possibility of irreparable harm is of the magnitude required to support an injunction in the context of a minor dispute.

*Southwest Airlines*, 875 F.2d at 1136 (citations omitted). *See also, International Assn. of Machinists v. Frontier Airlines, Inc.*, 664 F.2d 538, 541–42 (5th Cir.1981). Nothing in the present case indicates that a preliminary injunction is required to preserve the jurisdiction of the grievance procedure, or that irreparable injury is threatened. At least, as pointed out in *Southwest Airlines*, irreparable injury is no more threatened in the present context than in any other minor dispute involving discharge or discipline of an employee.

### IV

The present case involves a minor dispute subject to compulsory arbitration under the RLA. A preliminary injunction should be issued in a minor dispute only in exceptional circumstances not present in this case. Therefore, the preliminary injunction issued by the district court in this case is VACATED.