AMERICAN TRAIN DISPATCHERS DEPARTMENT OF the INTERNATIONAL BROTHERHOOD OF LOCOMOTIVE ENGINEERS, Plaintiff,

v.

BURLINGTON NORTHERN RAILROAD, Defendant.

No. 4:94–CV–048–A.

United States District Court,
N.D. Texas,
Fort Worth Division.

June 14, 1994.

Hal Keith Gillespie, Yona Rozen, Gillespie Rozen & Tanner, Dallas, TX, Michael S. Wolly, Zwerdling Paul Leibig Kahn Thompson & Driesen, Washington, DC, for plaintiff.

Thomas Joseph Knapp, Burlington Northern R. Co., Fort Worth, TX, for defendant.

*MEMORANDUM OPINION and ORDER*

McBRYDE, District Judge.

Came on for consideration the cross-motions of plaintiff, American Train Dispatchers Department of the International Brotherhood of Locomotive Engineers, and defendant, Burlington Northern Railroad Company, for summary judgment. The court, having considered the motions, the responses, the summary judgment evidence, the record, and applicable authorities, finds that defendant's motion for summary judgment should be granted and that plaintiff's motion should be denied.

## I.

*Dispositive Issue and Pertinent Facts*

At issue in this action is defendant's implementation of a dress code for dispatchers working in its consolidated dispatching center in Fort Worth. Defendant maintains that the dress code was implemented pursuant to its managerial prerogative and flows from its general rules regarding employee appearance and dress. Plaintiff maintains that the dress code is something entirely new and unprecedented.

The facts giving rise to this action are relatively simply. Defendant is a corporation engaged in the transportation of freight by rail in interstate commerce and is a "carrier" as defined in the Railway Labor Act ("RLA"). Plaintiff is the exclusive bargaining representative for defendant's train dispatchers. Plaintiff and defendant are parties to a collective bargaining agreement. Such agreement does not address the issue of attire of employees while on duty.

Defendant has a General Code of Operating Rules, effective October 29, 1989, which provides, in pertinent part:

H. Employees reporting for duty must be clean and neat in appearance. They must be courteous and orderly while on duty.

Defendant also has Safety Rules and General Rules, effective August 1981, which provides, in safety rule 578, that "[e]mployees on duty must be neat in appearance." These rules apply to all employees of defendant, including the dispatchers. Plaintiff does not dispute defendant's right to establish and maintain the Code and Rules.

In 1993, defendant began consolidating its dispatching operations in a centralized location in anticipation of opening a new state of the art dispatching facility. On August 10, 1993, defendant's superintendent of operations posted a dress code policy for dispatchers at its interim dispatching center in Fort Worth in keeping with the more professional atmosphere of the consolidated operations. This memo provided:

IN AN EFFORT TO COMPLY WITH THE BN CORPORATE POLICY CONCERNING DRESS CODE FOR THE INTERIM DISPATCH CENTER I RESPECTFULLY REQUEST YOUR COMPLIANCE IN THE FOLLOWING AREAS:

*GUIDELINES FOR ITEMS THAT FALL INTO THE "BUSINESS CASUAL" CATEGORY:*

- TENNIS SHOES THAT ARE CLEAN AND NOT TORN OR FRAYED.
- GOLF OR TENNIS SHIRTS *WITH COLLAR.*
- *BLUE JEANS THAT ARE NOT TORN OR FRAYED.*
- *CULOTTES AND SHORTS THAT HAVE A PROPER FLAIR AND*

*LENGTH, AND ARE PROFESSION-AL IN APPEARANCE.*

THANK YOU FOR YOUR ATTENTION TO THIS MATTER.

Until that time, dispatchers, who had been located in dispatching offices throughout defendant's rail system, had been free to wear whatever they wanted to work. That is, no specific dress code, as such, had been enforced.

## II.

### *Summary Judgment Contentions of the Parties*

Plaintiff contends that the dress code implemented by defendant constitutes a unilateral change in working conditions requiring defendant to bargain with plaintiff to obtain agreement or to exhaust the bargaining processes before putting the new dress code into place. In other words, plaintiff contends that this is a major dispute under the RLA. Plaintiff seeks entry of an injunction to force defendant to comply with the RLA bargaining procedures, to rescind the dress code for dispatchers, and to refrain from implementing a dress code until the mandatory bargaining and mediation processes have been exhausted.

Defendant, on the other hand, contends that the dress code issue is a minor dispute subject to mandatory and exclusive dispute resolution procedures under the RLA and, therefore, one outside the jurisdiction of the court to resolve. Defendant seeks a judgment of dismissal of this action for lack of jurisdiction.

## III.

### *Applicable Summary Judgment Principles*

■ A party is entitled to summary judgment on all or any part of a claim as to which there is no genuine issue of material fact and as to which the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247, 106 S.Ct. 2505, 2509, 91 L.Ed.2d 202 (1986). The moving party has the initial burden of showing that there is no genuine issue of material fact.

*Anderson,* 477 U.S. at 256, 106 S.Ct. at 2514. The movant may discharge this burden by showing an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). Once the moving party has carried its burden under Rule 56(c), the non-moving party must do more than merely show that there is some metaphysical doubt as to the material facts. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 1355, 89 L.Ed.2d 538 (1986). The party opposing the motion may not rest on mere allegations or denials of pleading, but must set forth specific facts showing a genuine issue for trial. *Anderson,* 477 U.S. at 248, 256, 106 S.Ct. at 2510, 2514. An issue is material only if its resolution could affect the outcome of the action. *Id.* at 248, 106 S.Ct. at 2510. Unsupported allegations, conclusory in nature, are insufficient to defeat a proper motion for summary judgment. *Simmons v. Lyons,* 746 F.2d 265, 269 (5th Cir. 1984).

The Fifth Circuit explained the burden placed on the nonmovant:

> When the nonmovant fails to make a sufficient showing on an essential element of her case, the moving party is entitled to summary judgment "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."

*McKee v. City of Rockwall, Texas,* 877 F.2d 409, 414–15 (5th Cir.1989) (quoting *Celotex Corp.,* 477 U.S. at 323, 106 S.Ct. at 2552), *cert. denied,* 493 U.S. 1023, 110 S.Ct. 727, 107 L.Ed.2d 746 (1990).

## IV.

### *Major or Minor Dispute*

■ As described by the Supreme Court, the category of major disputes:

> relates to disputes over the formation of collective agreements or efforts to secure them. They arise where there is no such agreement or where it is sought to change the terms of one, and therefore the issue is not whether an existing agreement controls the controversy. They look to the

acquisition of rights for the future, not to assertion of rights claimed to have vested in the past.

*Elgin, J. & E. Ry. v. Burley,* 325 U.S. 711, 723, 65 S.Ct. 1282, 1290, 89 L.Ed. 1886 (1945). When a dispute is major, the court has jurisdiction to preserve status quo until a specified series of nonbinding settlement procedures are exhausted. *Consolidated Rail Corp. v. Railway Labor Executives' Ass'n,* 491 U.S. 299, 302–03, 109 S.Ct. 2477, 2480–81, 105 L.Ed.2d 250 (1989).

> A minor dispute, on the other hand, contemplates the existence of a collective agreement already concluded or, at any rate, a situation in which no effort is made to bring about a formal change in terms or to create a new one. The dispute relates either to the meaning or proper application of a particular provision with reference to a specific situation or to an omitted case. In the latter event the claim is founded upon some incident of the employment relation, or asserted one, independent of those covered by the collective agreement, e.g., claims on account of personal injuries. In either case the claim is to rights accrued, not merely to have new ones created for the future.

*Burley,* 325 U.S. at 723, 65 S.Ct. at 1290. Minor disputes are subject to compulsory and binding arbitration procedures before the National Railroad Adjustment Board or adjustment board established pursuant to the RLA, which boards have exclusive jurisdiction over such disputes. *Consolidated Rail,* 491 U.S. at 303–04, 109 S.Ct. at 2480–81.

■ To assist in determining whether a dispute is major or minor, the Supreme Court has prescribed an "arguable basis" test:

> Where an employer asserts a contractual right to take the contested action, the ensuing dispute is minor if the action is arguably justified by the terms of the parties' collective-bargaining agreement. Where, in contrast, the employer's claims are frivolous or obviously insubstantial, the dispute is major.

*Allied Pilots Ass'n v. American Airlines, Inc.,* 898 F.2d 462, 464 (5th Cir.1990) (quoting *Consolidated Rail,* 491 U.S. at 307, 109 S.Ct. at 2482). If there is any question whether a dispute is major or minor, courts routinely construe the dispute as minor. *Air Line Pilots Ass'n v. Eastern Air Lines,* 869 F.2d 1518, 1521 (D.C.Cir.1989) (quoting *Railway Labor Executives Ass'n v. Norfolk & W. Ry.,* 833 F.2d 700, 705 (7th Cir.1987)).

## V.

### Standards Applied to the Facts

■ Here, the facts support defendant's contention that the dispute at issue is a minor dispute, *i.e.* that defendant's imposition of the dress code is arguably justified by the collective bargaining agreement with plaintiff. The agreement is silent on the matter of dispatcher attire. Implicit in the agreement is the right of defendant to impose work rules such as those set forth in defendant's General Code of Operating Rules and Safety Rules and General Rules and to exercise its managerial prerogative in enforcing or ·modifying such rules. Those rules were already in place when the most recent agreement was reached. The parties must necessarily have bargained with reference to them, and, since they did not agree otherwise, must have implicitly understood that defendant would continue to possess the right to make rules and exercise its managerial discretion. Although defendant may never have actively enforced a particular dress code, it had and has the authority to do so pursuant to its general code and rules. *Chicago & N.W. Transp. Co. v. Railway Labor Executives' Ass'n,* 908 F.2d 144, 153–54 (7th Cir.1990), *cert. denied,* 498 U.S. 1120, 111 S.Ct. 1073, 112 L.Ed.2d 1179 (1991) (what the railroad is allowed to do is the status quo even if the railroad has not been doing it). Plaintiff has not made any showing that issuance of the code and rules was not authorized or allowed pursuant to the collective bargaining agreement.

The matter at issue is an "incident of the employment relation." *Burley,* 325 U.S. at 723, 65 S.Ct. at 1289. Plaintiff claims that its dispatchers have the implied right under the collective bargaining agreement to wear whatever they want to work. Defendant maintains that it has an implied right under

the agreement to make and enforce rules governing work attire. At the very least, defendant has met its relatively light burden of showing an "arguable" and "not obviously insubstantial" basis for asserting a contractual right or managerial prerogative to enforce the dress code at issue. *Consolidated Rail,* 491 U.S. at 307, 109 S.Ct. at 2482. The court is not bound by, and does not accept as authoritative, *American Train Dispatchers Ass'n v. Metro–North Commuter R.R.,* 698 F.Supp. 1102 (S.D.N.Y.1988), cited by plaintiff.

### VI.

### Order

The court ORDERS that plaintiff's motion for summary judgment be, and is hereby, denied. The court further ORDERS that defendant's motion for summary judgment be, and is hereby, granted and that plaintiff's claims against defendant be, and are hereby, dismissed for lack of jurisdiction.

### FINAL JUDGMENT

In accordance with the court's memorandum opinion and order of even date herewith,

The court ORDERS, ADJUDGES and DECREES that the claims of plaintiff, American Train Dispatchers Department of the International Brotherhood of Locomotive Engineers, against defendant, Burlington Northern Railroad Company, be, and are hereby, dismissed for lack of jurisdiction, the dispute at issue being a minor dispute under the Railway Labor Act. The court further ORDERS, ADJUDGES and DECREES that defendant have and recover its court costs from plaintiff.